UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:18-CR-28-GFVT-HAI-1 |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION[1] |
| | ) | |
| EDGAR LYNN MUSE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On September 3, 2018, Defendant Edgar Lynn Muse, through counsel, filed a motion for a psychiatric examination. D.E. 20. On September 7, Magistrate Judge Smith conducted a hearing in this matter, per 18 U.S.C. § 4241(a). D.E. 22. Based on counsel's representations, and upon her own observations during the hearing, Magistrate Judge Smith found that there was reasonable cause to believe that Defendant may be suffering from a mental disease or defect rendering him mentally incompetent, as defined in § 4241(a). *See id.* Therefore, upon the required findings, Magistrate Judge Smith ordered a psychiatric evaluation to determine Defendant's competency. *See id.*; D.E. 23.

Defendant's evaluation occurred at the Federal Medical Center in Lexington, Kentucky, from September 14 through October 29, 2018. *See* D.E. 34 at 2. All parties had access to the resulting forensic report ("the Report") issued by forensic psychologist Judith "Betsy" Campbell, Ph.D. *Id.* The Report opines that, at the time it was completed, Defendant was "**not** currently

---

[1] The Court issues its decision as a Recommended Disposition to preserve the parties' right to a full *de novo* review, if sought, before the District Judge and in recognition that competency may qualify as a dispositive issue. *See, e.g.*, *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068–69 (9th Cir. 2004) (discussing nature of competency determination as potentially considered dispositive).

suffering from a mental disease or defect rendering him mentally incompetent to the extent he [wa]s unable to understand the nature and consequences of the proceedings against him or properly assist in his defense." *Id.* at 10. "Thus, in the opinion of the examiner, Mr. Muse [wa]s currently competent to stand trial." *Id.*

After receipt and circulation of the Report, the undersigned scheduled a hearing pursuant to 18 U.S.C. §§ 4241 and 4247(d) for November 29, 2018. D.E. 35. At that hearing, defense counsel informed the Court of her concerns regarding Defendant's competency based on her interactions with him prior to the hearing and based on information provided to her by Defendant's family. *See id.* For example, defense counsel stated that Defendant thought he was going to trial on the date of that hearing and that he had told his family he would be going to trial that day. After hearing from both counsel, the Court rescheduled the competency hearing and directed that, if counsel should seek to question the author of Defendant's competency report, they should arrange for compulsory process of the author. *Id.*

On December 17, 2018, the parties and Defendant reconvened for his competency hearing, and defense counsel called Dr. Campbell to testify. *See* D.E. 40; D.E. 41. In response to defense counsel's initial questions, Dr. Campbell explained how Defendant's forensic examination had been completed. She also discussed the bases for her finding that, at the time of his evaluation and notwithstanding his diagnosis of having opioid and anxiolytic use disorders and a mild intellectual disability, Defendant was competent to proceed to trial. However, Dr. Campbell informed the Court that, after meeting with Defendant prior to his hearing on December 17, she questioned her earlier conclusion that he was competent to proceed to trial.

Specifically, Dr. Campbell testified that, on that date, Defendant was not able to answer her questions like he had been able to do when he was in the custodial setting at FMC Lexington.

For example, Defendant could not answer Dr. Campbell's basic questions, like, "What is a judge?" Dr. Campbell further testified that Defendant was limited in his understanding about the purpose of the competency hearing.  Dr. Campbell cited Defendant's current environment as a potential stressor, noting that Defendant is sleeping on the floor on a mattress in a crowded cell and that other inmates are stealing his money and property.  She also speculated that Defendant could be suffering from the early stages of dementia or from brain damage that is getting worse, and that neurological testing could be considered.  Dr. Campbell did not find Defendant to be malingering his symptoms.

Importantly, Dr. Campbell stated that she knew defense counsel had worked diligently to explain the posture of Defendant's legal proceedings to him and that defense counsel had followed Dr. Campbell's suggestions for helping Defendant understand his case.  *See* D.E. 34 at 9 (listing considerations for defense counsel).  However, even with defense counsel's efforts, Dr. Campbell found that Defendant did not understand what would be occurring at his competency hearing.  Dr. Campbell also described Defendant as looking more "distressed" and "depressed" than he did when he was at FMC Lexington.  She stated that further evaluation could help clarify whether Defendant could receive accommodations that would help restore him to competency.

At the end of the hearing, the parties stipulated to Dr. Campbell's qualifications. Additionally, the government conceded that, to err on the side of caution, Defendant needed more evaluation to determine whether he is competent to proceed in his criminal case.

## FINDING AS TO COMPETENCY

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam).  To be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as

factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402; *see also* 18 U.S.C. § 4241(a) (phrasing test as whether defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"); *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (applying the "two-prong" competency test from *Dusky*).

Section 4247(d) governs the hearing and assures certain trial-type rights. These include rights of confrontation, cross-examination, and participation. *See* 18 U.S.C. § 4247(d); *see also* 18 U.S.C. § 4241(c) (referencing § 4247(d) for hearing procedure). Ultimately, per § 4241(d), a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of § 4241(a). This framework suggests that the defense bears the burden, although the cases are in disagreement on burden allocation. *Compare United States v. Chapple,* 47 F.3d 1170, at *2 (6th Cir. Jan. 6, 1995) (table) (burden on United States, though without statutory analysis) and *United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003) (burden on United States) with *United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See, e.g.*, *Medina v. California*, 505 U.S. 437, 449 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where proof is "in equipoise"). However, it is this Court's practice to place the burden on the movant, in this case Defendant.

The proof as to Defendant's competency comes from the Report and from Dr. Campbell's testimony at his competency hearing. In the Report, Dr. Campbell stated her belief that, after forensic testing, Defendant was able to understand the proceedings against him and to assist his defense counsel. However, after meeting with Defendant on the day of his competency hearing,

4

Dr. Campbell found that, at the present time, Defendant is not competent to proceed. The United States did not contest this opinion.

In light of the persuasive testimony offered by Dr. Campbell at Defendant's competency hearing on December 17, and upon agreement of the parties, the Court recommends that the District Judge find, by a preponderance of the evidence, that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense per 18 U.S.C. § 4241(d).

### FURTHER HOSPITALIZATION PURSUANT TO 18 U.S.C. § 4241(d)

In the current posture, hospitalization is required under § 4241(d). Indeed, having found, by a preponderance of the evidence that Defendant is not competent to proceed, § 4241(d) unequivocally states "the court **shall** commit the defendant to the custody of the Attorney General. The Attorney General **shall** hospitalize the defendant for treatment in a suitable facility (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward[.]" 18 U.S.C. § 4241(d)(1) (emphasis added). Based upon the Court's findings herein, commitment is mandatory under § 4241(d). *See, e.g.*, *United States v. Millard-Grasshorn*, 603 F.3d 492, 494 (8th Cir. 2010); *United States v. Filippi*, 211 F.3d 649, 651 (1st Cir. 2000); *United States v. Donofrio*, 896 F.2d 1301, 1302–03 (11th Cir. 1990); *United States v. Shawar*, 865 F.2d 856, 861 (7th Cir. 1989); *United States v. Cline*, No. 04-CR-6068L, 2008 WL 4501934, at *1 (W.D.N.Y. Sept. 30, 2008).

Accordingly, the Court **RECOMMENDS** that the District Judge find Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the

5

extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense per § 4241(d), and that Defendant be committed to the custody of the Attorney General for treatment at a suitable facility. The Court further **RECOMMENDS** that the District Judge recommend to the Bureau of Prisons that Defendant be considered for neurological testing as a component of his treatment.

Once an appropriate facility designation is made, the Court will order that Defendant remain at the facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that he will attain the capacity to permit further proceedings to take place in the foreseeable future. 18 U.S.C. § 4241(d)(1). If at any time during Defendant's initial period of commitment, however, the director of the facility determines that Defendant has recovered his competency, the director shall file a certificate to that effect promptly with the Clerk of this Court. *See* 18 U.S.C. § 4241(e). The Court will then proceed pursuant to § 4241(e).

The Court therefore **ORDERS** as follows:

1. A copy of this Recommended Disposition shall be served on the United States Marshal, to communicate with the BOP in order to designate, as soon as practicable (and in no case more than ten days) an appropriate institution where Defendant shall receive appropriate treatment;

2. Once an appropriate facility has been designated, but not later than ten days from entry of this Recommended Disposition, the United States shall file a status report that identifies the institution designated in paragraph 1; and

3. Defendant is not to be transported until the presiding District Judge has acted upon this Recommended Disposition. Once he has, this Court will enter an order governing transportation times. The Court will also set a status conference for the parties by subsequent order.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning the recommendation made above, issued under subsection (B) of the statute. Pursuant to Rule

6

59(b)(2), any party wishing to object **SHALL** do so by an appropriate filing in the record within **EIGHT DAYS** after being served with a copy of this recommended disposition. Any party may object to any or all portions of this recommendation for consideration, *de novo*, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 19th day of December, 2018.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge